IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY (Frankfort Division)

| | | |
|---|---|---|
| **HOLLY LAWSON** | : | Case No. |
| c/o Christopher Wiest, Esq. | | |
| 25 Town Center Blvd, Ste. 104 | : | |
| Crestview Hills, KY 41017 | | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | |
| | : | |
| **KAYLA CREELY** | | |
| 3415 Woodside Way | : | |
| Lexington, KY 40502 | | |
| | : | |
| and | | |
| | : | |
| **LORI FRANKE** | | |
| 1041 Seminole Trail | : | |
| Frankfort, KY 40601 | | |
| | : | |
| and | | |
| | : | |
| **MARK KOPP** | | |
| 108 Wheeler Dr. | : | |
| Frankfort, KY 40601 | | |
| | : | |
| and | | |
| | : | |
| **FRANKLIN COUNTY BOARD OF EDUCATION** | : | |
| 190 Kings Daughters Dr. | | |
| Frankfort, KY 40601 | : | |
| | | |
| Defendants | : | |

## PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES WITH JURY DEMAND ENDORSED HEREON

### Introduction

1. This lawsuit stems from an unlawful, unconsented to, warrantless search of the Plaintiff's closed purse, within her closed and private office, by the Defendants Kayla Creely and

1

Lori Franke, acting under color of law, on May 4, 2021, followed by the unlawful detention and subsequent warrantless search of the same purse by Defendant Mark Kopp, followed by defamation of Mark Kopp to news sources following and the aftermath of that illegal search; all of this pursuant to a custom, policy, and practice of the Franklin County Board of Education and with the consent, personal participation, and cooperation of Superintendent Mark Kopp.

**Parties**

2. Plaintiff, Holly Lawson is a school employee, who was, in the 2020-2021 school year, and specifically in May, 2021, employed as a Guidance Counselor, with the Franklin County Board of Education, and specifically was employed at Franklin County High School.

3. Defendant Lori Franke is also a school employee, who was, in the 2020-2021 school year, and specifically in May, 2021, employed as a Registrar, with the Franklin County Board of Education, and specifically was employed at Franklin County High School.  She is sued in both her individual and official capacity.  For purposes of this Complaint and the actions complained of herein, she was acting pursuant to color of law.

4. Defendant Kayla Creely is also a school employee, who was, in the 2020-2021 school year, and specifically in May, 2021, also employed as a Guidance Counselor, with the Franklin County Board of Education, and specifically was employed at Franklin County High School.  She is sued in both her individual and official capacity.  For purposes of this Complaint and the actions complained of herein, she was acting pursuant to color of law.

5. Defendant Mark Kopp is also a school employee, who was, in the 2020-2021 school year, and specifically in May, 2021, employed as the Superintendent, with and for the Franklin County Board of Education.  He is sued in both his individual and official capacity. Further, pursuant to KRS 160.370, Kopp had powers to prepare all rules, regulations, bylaws, and statements of policy for approval and adoption by the board. He also had, under that same statute, general supervision, subject to the control of the board of education, of the general conduct of the schools, and the management of business affairs. He was also responsible for the hiring and dismissal of all personnel in the district.  For purposes of this Complaint and the actions complained of herein, he was acting pursuant to color of law.

6. Defendant, Franklin County Board of Education, is the duly installed Board of Education for Franklin County, which, in the 2020-2021 school year, including in May, 2021, employed Plaintiff and Defendants Franke, Creely and Kopp.

**Jurisdiction and Venue**

7. Subject matter jurisdiction over the federal claims and causes of action asserted by the Plaintiff in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

8. This Court has personal jurisdiction over Defendants because they are citizens of and reside in Kentucky and this judicial district.

9. Venue is proper in this District and Division under 28 U.S.C. 1391(b)(1) and (2) in that the Defendants reside in, and the facts giving rise to this matter arose in, the Eastern District of Kentucky and the Frankfort Division.

**Facts**

10. Plaintiff was employed as a Guidance Counselor, with the Franklin County Board of Education, and specifically was employed at Franklin County High School.

11. Plaintiff has a concealed carry license to carry firearms in the Commonwealth, and, generally, and where permitted, she regularly carried a firearm for purposes of self-defense. She routinely would lock the firearm in her vehicle, as permitted by Kentucky law, on school grounds.

12. Plaintiff had a prescription for anxiety medication that she would occasionally take.

13. Over the weekend in May 1-2, 2021, Plaintiff and her spouse attended an event related to the Kentucky Derby in Owensboro, and, at that event, had her firearm in the very bottom of her satchel/purse.

14. The satchel/purse was a fairly large bag, and had, among other things, Plaintiff's wallet in it, a pair of blue jeans, and other items.

15. The purse/satchel was carried into the school, and her office, by the Plaintiff on May 4, 2021. Plaintiff had forgotten that the firearm was at the bottom of the satchel/purse.

16. Plaintiff left her office on May 4, 2021, and locked her office, but had forgotten her purse, which left under her desk, and outside any possible view unless the office had been accessed or searched.

17. Plaintiff's office at the school was configured to permit her to counsel students. Specifically, the office was fully enclosed with a locking door, and the office was not shared by the Plaintiff and any other person.

18. On or about May 4, 2021, Franke and/or Creely observed the Plaintiff take one of her prescription anxiety pills.  They had no reason or justification to believe that there was anything untoward or illegal about the use of this prescription.

19. On May 4, 2021, after Plaintiff had left her locked office, Franke and Creely took it upon themselves to: (i) ensure that the Plaintiff had left for the day (waiting a sufficient period of time after she left to confirm she would not return), and upon confirming that she had; (ii) both then surreptitiously unlocked the office (Creely had a key) and entered the Plaintiff's office without her permission; (iii) upon discovering her closed purse, then, again without Plaintiff's permission, opened the purse and began to conduct an illegal search of that purse, rifling through its contents, and ultimately locating the firearm.

20. The foregoing searches occurred without a warrant, probable cause, or warrant exception.

21.  Franke and Creely then reported the matter to a district social worker, who reported it to Defendant Kopp.

22. Kopp met the Plaintiff at the front door to the Franklin County High School the next day, May 5, 2021, and escorted her to an office where the school resource officer, who was sworn law enforcement, was present.  Once within that office, Kopp blocked the exit and made clear the Plaintiff was not permitted to leave.  Plaintiff was detained, against her will, for more than 20 minutes.

23. Despite being in custody, Kopp then proceeded to question the Plaintiff without any rights advisement having been rendered, and, ultimately, obtained the Plaintiff's purse and, in her presence and without her consent, directed her to open and empty the contents, leaving her no choice but to do so, constituting yet another unconstitutional search.  The firearm was then located.

24. The foregoing search occurred without a warrant, probable cause, or warrant exception.

25. Kopp then had the Plaintiff arrested for a violation of KRS 527.020, and she was booked into the Franklin County jail.

26. Further, Kopp, fully aware of the illegal searches and seizures, and having personally participated in the second such illegal search and seizure, suspended the employment of the Plaintiff following the incident, and told her to resign or be terminated.

27. Plaintiff's charges were dropped and no billed by the Franklin County grand jury (perhaps because of the illegal search that tainted the entire matter, or perhaps because of Plaintiff's statements that she did not realize she had the firearm and Kentucky law has an intent requirement regarding possession of firearms on school property).

28. There being no school board policy that prevented or restrained Kopp's actions, as the Superintendent, Kopp had final policy making authority for the Defendant Board, and utilized it to engage in the foregoing illegal searches, seizures, and questioning of the Plaintiff.

**COUNT I – 42 USC § 1983 – Fourth Amendment Violations by Creely, Franke, and Kopp (and *Monell* Liability for same by the Defendant Board)**

29. Plaintiff reincorporates the preceding paragraphs as if fully written herein.

30. The Fourth Amendment of the United States, states, in relevant part, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

31. The Fourth Amendment has been incorporated against the states and their agents, to include Sheriffs and their Deputies, in *Mapp v. Ohio*, 367 U.S. 643 (1961).

32. The, unconsented-to warrantless search of Plaintiff's closed satchel/purse, by Creely and Franke on May 4, 2021, followed by the forced and unconsented-to warrantless search of the same Plaintiff's closed satchel/purse at the direction of Kopp on May 5, 2021, violated Plaintiff's clearly established rights under the Fourth Amendment.

33. Specifically, O'Connor v. Ortega, 480 U.S. 709, 716 (1987) has some bearing on the question, in that O'Connor excepts from the ambit of normal workplace searches that are analyzed under a separate framework, searches into sensitive personal property:

   Not everything that passes through the confines of the business address can be considered part of the workplace context, however. **An employee may bring** closed luggage to the office prior to leaving on a trip, or **a handbag** or briefcase **each workday**. While whatever expectation of privacy the employee has in the existence and the outward appearance of the luggage is affected by its presence in the workplace, the employee's expectation of privacy in the contents of the luggage is not affected in the same way. **The appropriate standard for a workplace search does not necessarily apply to a piece of closed personal luggage, a handbag, or a briefcase that happens to be within the employer's business address**.

34. The Sixth Circuit, in *James v. Hampton*, 592 Fed. Appx. 449 (6th Cir. 2015), made clear that a warrant must be obtained, or warrant exception apply, for a search of personal luggage or a briefcase.  *United States v. McClendon*, 86 Fed. Appx. 92 (6th Cir. 2004) (search of satchel required a warrant, even where it was left in a *public* place); *United States v. Waller*, 426 F.3d 838 (6th Cir. 2005) (search of bag required warrant).

35. The illegal detention of the Plaintiff in the office on May 5, 2021, by Defendant Kopp also violated clearly established Fourth Amendment case law.  *Myers v. Potter*, 422 F.3d 347 (6th Cir. 2005); *Allen*, 14 F. Supp.3d 885 (and cases cited therein); *Pray v. City of Sandusky*, 49 F.3d 1154, 1160 (6th Cir. 1995); *Sutton v. Metro. Gov't of Nashville & Davidson County*, 700 F.3d 865 (6th Cir. 2012).

7

36. Further, Kopp, acting in an ultimate policy-making role for both his search and seizure of the Plaintiff, as well as his approval and ratification of the searches by Defendants Creely and Franke with knowledge and approval of same, exposed the Defendant Board to liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Baar v. Jefferson County Bd. of Educ.*, 476 Fed. Appx. 621 (6th Cir. 2012).

37. Because all of the foregoing cases were decided prior to the May, 2021 warrantless illegal searches and seizures by Defendants, Defendants' illegal searches and seizure violates the clearly established rights of the Plaintiff.

38. Defendants, under color of any statute, ordinance, regulation, custom, or usage, and exercising and abusing powers granted to them from the Commonwealth of Kentucky, subjected, or caused to be subjected, the Plaintiff, who is a person within the jurisdiction of the United States, to be deprived of his rights, privileges, or immunities secured by the Constitution and United States laws. They are therefore liable to him pursuant to 42 U.S.C. 1983 under an action at law, suit in equity, or other proper proceeding for redress. They are further liable to the Plaintiff for his reasonable attorney fees and costs pursuant to 42 U.S.C. 1988.

39. Plaintiff has suffered damages as a result of the foregoing, and continues to be damaged by operation of the foregoing. Further, Plaintiff continues to suffer irreparable harm from the actions of the Defendants, and the court should award declaratory and/or injunctive relief.

40. Plaintiff further seeks punitive damages against Defendants, since the actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff demands judgment on

these punitive damages against Defendants, in their individual capacities, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment against Defendants as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional;

B. That Plaintiff be awarded money damages, including both compensatory and punitive damages against the Defendants, in an amount to be proven at trial, and exceeding $10,000.00, exclusive of interest and costs;

C. That trial by jury be had on all issues so triable;

D. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

E. Such other relief as this Court shall deem just and proper.

    Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns_____
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forrest Dr., Ste. 330
Cincinnati, OH 45242
513-312-9890(v)
***Attorneys for Plaintiff***

9

**JURY DEMAND**

Pursuant to FRCP 38 and other applicable law, Plaintiffs demand trial by jury on all causes so triable.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Holly Jenkins Lawson, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate and the documents attached are true and accurate copies of what they purport to be.

Executed on 4/28/2022.

*Holly Jenkins Lawson*
Holly Jenkins Lawson