UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
CASE NUMBER 3:22-CV-00023-GFVT



EXHIBIT 69

HOLLY LAWSON                                                                                      PLAINTIFF

vs.
**RESPONSES TO INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
BY DEFENDANT KOPP AND THE BOARD OF EDUCATION**

KAYLA CREELY, et al.                                                                       DEFENDANTS

* * * * ** *** ** * * * *

Come Defendant Mark Kopp, in both his individual and official capacity, and the Defendant Board of Education, and for their responses to the Plaintiff's Requests for Admissions, state as follows:[1]

A general objection is made to the "Definitions" on pages 1 through 4 of the Plaintiff's written discovery, and to the "Instructions" on pages 4 through 6 of the Plaintiff's written discovery except to the extent those "Instructions" recite or mirror the provisions of the applicable Federal Rules of Civil Procedure (FRCP). To the extent those Definitions and Instructions are intended to be incorporated or read into any subsequent interrogatory or request, these Defendants object to the form of the request. Written discovery should be undertaken in plain English, understandable to lay person parties without resort to more than 1,000 words of "Definitions" proffered by opposing

---

[1] The members of the Board of Education do not have any personal knowledge regarding the circumstances giving rise to the Complaint herein. The Board therefore relies on Defendant Kopp, as the executive agent, executive officer, and professional advisor to Board pursuant to KRS 160.370(1), and incorporates his responses to these discovery requests as their own.

counsel. The only "Instructions" applicable to written discovery are those set out in the Federal Rules of Civil Procedure (FRCP).

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Person who provided information for responding to these interrogatories, requests for admissions, and requests for production of documents, and for each person identify the interrogatories, requests for admissions, or requests for production of documents for which such Person provided information or documents.

**ANSWER:** Defendant Mark Kopp provided information responsive to all written discovery. Jennifer Perkins, Director of Human Resources, provided the personnel files. Some records and information were already in the possession of undersigned counsel due to having served as general counsel to the Board of Education at the time of the underlying incident and prior matters involving the Plaintiff. These were not provided "for responding" to these written discovery requests.

**INTERROGATORY NO. 2:** Identify all Persons with knowledge of any of the allegations contained in Plaintiff's Complaint, or with knowledge of any of the defenses alleged in your answer.

**ANSWER:** The list of individuals identified in these Defendants' Initial Disclosures is believed to be completely responsive to this Interrogatory and is incorporated herein by reference.

**INTERROGATORY NO. 3:** Identify all persons from whom you have taken formal or informal statements concerning this case, including but not limited to written, oral or tape-recorded statements, including the name, address and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:** Witness statements were written by Ashley Reid, Chris Tracy, Chuck Lewis, Kayla Creely, Lori Franke, and Mark Kopp on May 4 and/or 5, 2021. With the exception of Kayla Creely

2

and Lori Franke, who can be contacted through their legal counsel herein, the remaining individuals can be contacted through Attorney Grant Chenoweth as general counsel to the Board of Education of Franklin County.

**INTERROGATORY NO. 4:** Identify each person you expect to call as a lay (fact) witness at the trial of this matter and state the subject on which each lay witness is expected to testify.

**ANSWER:** Unknown at this time.

**INTERROGATORY NO. 5:** Identify all Experts that you intend to call as an expert witness at the trial of this action, and for each such Expert, state: (A) the Expert's qualifications, with particular reference to the issues upon which he/she may be called to testify; (B) the subject matter of the expected testimony, together with the substance of the facts and observations on which he/she is expected to testify; (C) the opinions or conclusions to be expressed in the expected testimony, together with a summary of the grounds for each opinion or conclusion; (D) whether the Expert has provided any written or recorded report; and (E) identify all documents that have been submitted to or reviewed by each expert in connection with his/her evaluation of any issues in this case or the formulation of his/her opinions or conclusions.

**ANSWER:** Unknown at this time.

**INTERROGATORY NO. 6:** Identify every Person with whom you have communicated regarding the Complaint, the allegations contained in the Complaint.

**ANSWER:** Defendant Kopp has communicated about the allegations contained in the Complaint only with legal counsel, Jeff Abrams, and the members of the Board of Education. On information and belief, the members of the Board of Education have communicated about the allegations contained in the Complaint only with Defendant Kopp and legal counsel.

3

**INTERROGATORY NO. 7:** State whether you or any other person, provided a written or audio or video recorded statement (including, but not limited to, affidavits) with regard to the allegations made in the Complaint. If so, identify each such statement and state the general content of each statement or provide a copy of each statement.

**ANSWER:** The witness statements of Ashley Reid, Chris Tracy, Chuck Lewis, Kayla Creely, Lori Franke, and Mark Kopp will be provided to counsel electronically.

**INTERROGATORY NO. 8:** Identify any recording of any telephone or other type of conversation or communication, or any video, involving any Plaintiff or Defendant, that you have in your possession or control, or of which you are aware, or any document or electronic communication, that relates in any way to the claims in the Complaint or the matters or defenses in your Answer.

**ANSWER:** Video recordings of the events on the morning of May 5, 2021, will be provided to counsel electronically.

**INTERROGATORY NO. 9:** Identify every document or other material that you intend to introduce as an exhibit at the trial of this matter or during the deposition of any witness in this action.

**ANSWER:** Unknown at this time.

**INTERROGATORY NO. 10:** Set forth with specificity every admission or statement by Plaintiff, any Defendant or any employee, officer, agent, or representative of Plaintiff or any Defendants which either supports or refutes the claims contained in the Complaint or any defense raised in the Answer. For each such admission or statement, provide the following information: (a) if oral, identify the individual who uttered the admission or statement and identify every person present at the time the admission or statement was made, and (b) if written, identify the author of each such admission or statement.

4

**ANSWER:** On the morning of May 5, 2021, the Plaintiff admitted to possessing a gun in her handbag before anyone else touched or looked into her handbag, and in response to a single question about whether she was in possession of a gun at school on the previous day. The contents of this admission are contained on a video already being produced.

**INTERROGATORY NO. 11:** Identify each and every employee or agent of the Franklin County Board of Education who was involved with seizing or searching the Plaintiff's purse or bag on either May 4, 2021 or the following school day, and what their role(s) were.

**ANSWER:** On information and belief, no search or seizure, as those legal terms are understood, occurred on May 4, 2021. On May 5, 2021, no seizure or search was conducted prior to the Plaintiff's admission that she was in possession of a gun, after which her handbag and the gun were ultimately seized by a representative of the Franklin County Sheriff's Office. Mark Kopp was present for the admission but did not touch the Plaintiff's handbag or gun. Kyle Sexton was present at the time of these events but was in a separate room and available for administrative support if it had been needed by Mark Kopp.

**INTERROGATORY NO. 12:** Identify each and every person who was in any way involved with investigating (whether before or after the search and seizure) the Plaintiff regarding the contents of her purse/bag.

**ANSWER:** Defendant Kopp was involved in questioning the Plaintiff on May 5, 2021, regarding the contents of her bag the prior day. Holly Adkins (retired) former Director of Human Resources, helped gather the referenced witness statements. Also, *see* Answers to Interrogatory No. 7 and No. 11. On information and belief, there were no other interviews or other investigative steps.

**INTERROGATORY NO. 13:** Identify each and every fact that you contend authorized, justified, or warranted the search or seizure of the Plaintiff or her bag, on May 4, 2021, or on the following school day.

**ANSWER:** On information and belief, no search or seizure, as those legal terms are understood, occurred on May 4, 2021. On information and belief, concern about the Plaintiff's conduct and well-being, based on a history of odd behavior, impairment, and neglect of duty by the Plaintiff, combined with an awareness the Plaintiff took some manner of pill(s) on May 4 before leaving school unannounced, without signing out, without informing anyone, without her handbag, and through a different door than normal, prompted her co-workers to seek to ascertain the cause of this behavior at the time. No search was conducted on May 5, 2021, as that legal term is understood, and no seizure was made on May 5, 2021, until after the Plaintiff admitted she was then in possession of a weapon on school property, which admission warranted the subsequent seizure of the Plaintiff and her property by law enforcement present at the school.

**INTERROGATORY NO. 14:** Identify each and every communication you, or anyone in your employ or anyone acting as your agent, had with Plaintiff, or any of his [sic] employees or agents.

**ANSWER:** I am unable to accurately or fully respond to this Interrogatory. The Plaintiff was an employee of the Board of Education for many years and would have undertaken countless communications with other school employees over that course of years. In relation to the subject matter of this lawsuit, I met with the Plaintiff on May 5, 2021, and then with Plaintiff and her legal counsel on or about May 13, June 24, and June 28. On information and belief, the Board has had no other communications with the Plaintiff or her agents.

**INTERROGATORY NO. 15:** Identify each and every communication you have had, except with your legal counsel, with respect to the Complaint, or the search and seizure of the Plaintiff, either before or after the search or seizure.

**ANSWER:** *See* Answers to Interrogatory No. 11 and No. 13. I spoke with Larry Cleveland, Commonwealth's Attorney, after the events described in the lawsuit and prior to the Plaintiff's resignation, and I spoke again with Mr. Cleveland after this lawsuit was filed. I spoke with Holly Adkins about handling the personnel decisions relating to the Plaintiff prior to her resignation, and I spoke to Charles Lewis about the Plaintiff's absence from school during the period she was suspended and prior to her resignation. I also spoke to each Board member individually after the events of May 5, 2021 to give them notice of the Plaintiff's arrest before it was revealed in the news media. I also spoke to the Board members after learning that this lawsuit had been filed, just to inform them of the existence of the lawsuit.

**INTERROGATORY NO. 16:** If any request for Admission is denied, in whole or part, state the basis and facts upon which such denial or partial denial is based.

**ANSWER:** Explanations for any denials are contained within the Responses to Requests for Admission, which explanations are incorporated herein by specific reference.

## VERIFICATION

I hereby verify the foregoing Answers are true to the best of my knowledge and belief.

*[signature]*
Mark Kopp
Franklin County Schools

COMMONWEALTH OF KENTUCKY   )
                                                        ) Sct.
COUNTY OF Franklin                        )

Subscribed and sworn to before me by Mark Kopp on this the 9 day of September, 2022.

My commission expires: January 23, 2023.

*[signature]*                                                    615599
Signature                                                        Commission ID#

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** Produce all documents used, reviewed, identified, or otherwise relied upon in answering Plaintiff's Interrogatories served contemporaneously herewith.

**RESPONSE:** All responsive documents are provided.

**Request No. 2:** Produce all documents used, reviewed, referred to, or otherwise relied upon in preparing your Answer in this action, or related in any way to the allegations in the Complaint.

**RESPONSE:** All responsive documents are provided, with the exception of correspondence between Mark Kopp and legal counsel on May 4-6, 2021, in which advice was sought and rendered relating to the events of May 4 and 5, and on June 30, 2021, relating to the disposition of the criminal charge against the Plaintiff, which are withheld as attorney-client privileged.

**Request No. 3:** Produce all documents that constitute, evidence, tend to evidence, support, refute, tend to refute, refer to, or relate in any way to the claims made in the Complaint or your Answer or defenses raised to the counterclaim thereto.

**RESPONSE:** There is no counterclaim. Otherwise, all responsive documents are provided, with the exception of correspondence between Mark Kopp and legal counsel on May 4-6, 2021, in which advice was sought and rendered relating to the events of May 4 and 5, and on June 30, 2021, relating to the disposition of the criminal charge against the Plaintiff, which are withheld as attorney-client privileged.

**Request No. 4:** Produce any and all notes, jottings, journals, communications or any other writing that reflects or otherwise relates to the seizure or searches of the Plaintiff or her purse/bag.

**RESPONSE:** The only seizure of the Plaintiff or her handbag are understood to have been undertaken by law enforcement after the Plaintiff admitting to being in possession of a weapon on

school property on May 5, 2021. The only record relating to that seizure is the police report of the Plaintiff's arrest, which is provided.

**Request No. 5:**   Provide a copy of any investigative notes, or personnel file actions, concerning the Plaintiff and the search and seizure incidents on May 4, 2021 or the following school day, or the Plaintiff's arrest, or any materials submitted to any regulatory authority related to same.

**RESPONSE:**   The only seizure of the Plaintiff or her handbag are understood to have been undertaken by law enforcement after the Plaintiff admitting to being in possession of a weapon on school property on May 5, 2021, and a search incident to that arrest is likely to have occurred subsequent to the Plaintiff's departure from school in the company of law enforcement. Witness statements and personnel file documents relating to the Plaintiff's conduct are provided in response to other requests.

**Request No. 6:**   Produce copies of all witness statements, written notes, videotapes, or audio tapes memorializing interviews with any witnesses in relation to the Complaint in this matter.

**RESPONSE:**   All responsive records are provided.

**Request No. 7:**   Produce photographs, videos, movies, slides, and other documents taken or reviewed as part of your investigation of any claims in this matter.

**RESPONSE:**   All responsive records are provided.

**Request No. 8:**   Produce any physical evidence relating to your investigation of any claims in this matter.

**RESPONSE:**   None.

**Request No. 9:**   Produce any voice surveillance tapes or reports generated or reviewed as part of the investigation of this matter.

**RESPONSE:** Other than the body camera footage from the morning of May 5, 2021, no other responsive records exist. This camera footage is provided.

**Request No. 10:** Produce copies of any documents reflecting, referring, or relating to credibility determinations of parties or witnesses made as part of the investigation of this matter.

**RESPONSE:** None.

**Request No. 11:** Produce a copy of every document that in any way supports, tends to support, refutes, tends to refute, or relates to Plaintiff or any Defendant.

**RESPONSE:** It is not understood what it would mean for a document to support, tend to support, refute, or tend to refute a person, as opposed to an assertion or proposition. Every document which "relates to" the Plaintiff or any Defendant would include every document in the possession of the Board of Education of Franklin County or any of its members, officers, employees, students, etc., which is obviously well beyond the scope of production in litigation. Responsive records relating to the subject matter of this litigation are provided in response to other requests.

**Request No. 12:** Produce a copy of any and all documents that reflect or otherwise were involved with the determination as to the legality of the searches or seizure in this case.

**RESPONSE:** On information and belief, no search or seizure, as those legal terms are understood, occurred on May 4, 2021. On May 5, 2021, no seizure or search was conducted prior to the Plaintiff's admission that she was in possession of a gun, after which her handbag and the gun were ultimately seized by a representative of the Franklin County Sheriff's Office. If a determination was made as to the legality of that seizure and any search incident thereto, it was not made by these Defendants or their employees.

**Request No. 13:** To the extent not otherwise produced in response to any other request,

11

produce copies of any documents, in any form, that in any way relate to the Complaint in this matter, the Answers of Defendants, or Plaintiff's claims in this matter.

**RESPONSE:** All responsive records are provided in response to other requests, except as withheld pursuant to the attorney-client privilege, as previously asserted.

**Request No. 14:** Please produce any Expert's report, curriculum vitae, fee agreement, and all Documents, writings, and correspondence relied upon and used by such Expert in formulating such report or opinions held in this case, including any Documents and correspondence provided by you or your agent, Representative, or Person under your direction to such Expert. The Documents sought include Experts retained as to issues against Defendant.

**RESPONSE:** None.

**Request No. 15:** Please produce any policies of the Defendant Board, of Superintendent Kopp, that authorized the search/seizure of Plaintiff or her purse/bag on May 5, 2021 or the following school day.

**RESPONSE:** On May 5, 2021, no seizure or search was conducted prior to the Plaintiff's admission that she was in possession of a gun, after which her handbag and the gun were ultimately seized by a representative of the Franklin County Sheriff's Office. No policies of the Board of Education or Defendant Kopp are believed to govern the law enforcement activities of the Franklin County Sheriff's Office. No search or seizure activities are alleged to have occurred the following day.

**Request No. 16:** Please produce any prior complaints or actions of or against any of the Defendants related to allegations of improper searches or seizures.

**RESPONSE:** None.

**Request No. 17:**   Please produce the full personnel files of the Plaintiff, and Defendants Franke, Creely, and Kopp.

**RESPONSE:**   All responsive records are provided, with the exception of medical, retirement, tax, or similar personal documents containing information which is not relevant to the claims or defenses herein and is not likely to lead to other discoverable information.

**Request No. 18:**   Please produce the full personnel files of the Plaintiff, and Defendants Franke, Creely, and Kopp.

**RESPONSE:**   *See* Response to Request No. 17.

Porter, Banks, Baldwin & Shaw, PLLC
Jonathan C. Shaw
Grant R. Chenoweth
327 Main Street
P.O. Drawer 1767
Paintsville, Kentucky 41240
(606) 789-3747
gchenoweth@psbb-law.com

By: _____
COUNSEL FOR MARK KOPP AND
THE BOARD OF EDUCATION

## CERTIFICATE OF SERVICE

I hereby certify a true and accurate copy of the foregoing **RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT KOPP AND THE BOARD OF EDUCATION** has been mailed first-class, postage pre-paid, to Christopher Wiest, Esq., Chris Wiest, Atty at Law, PLLC, 25 Town Center Blvd, Suite 104, Crestview Hills, Kentucky 41017; to Thomas B. Bruns, Esq., Bruns, Connell, Vollmar, Armstrong, 4555 Lake Forest Dr., Ste. 330, Cincinnati, Ohio 45242; and to Elizabeth A. Deener, Esq., Landrum & Shouse, LLP, P.O. Box 951, Lexington, Kentucky 40588-0951, on this the 10th day of September, 2022.

_____
Grant R. Chenoweth