UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - FRANKFORT
CIVIL ACTION NO: 3:22-cv-23-GFVT

*Electronically filed*

HOLLY LAWSON                                                                                          PLAINTIFF

V.        **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

KAYLA CREELY, LORI FRANKE, MARK KOPP,
FRANKLIN COUNTY BOARD OF EDUCATION                                      DEFENDANTS

*******

Come the Defendants, Kayla Creely and Lori Franke, in their individual capacities, by and through counsel, pursuant to DE 14, and for their objections to Plaintiff's Proposed Exhibit List state as follows:

Defendants object to the admissibility of these exhibits into evidence before the jury as listed below. Pursuant to Fed. R. Civ. Pro. 26(a)(3)(B), Defendants' objections pursuant to Fed. R. Evid. 402 and 403 are reserved until the presentation of the proffered foundation evidence at trial.

**PX 9: Statements of Holly Atkins, Ashley Reid, and Charles Lewis**

Defendants object to these proffered documents as not relevant under Fed. R. Evid. 401 and 402 and as not meeting any exception under Fed. R. Evid. 803 or 804.

**PX 13: 5/5/2021 State Journal Article**

Defendants object to this proffered document as not relevant under Fed. R. Evid. 401 and 402 and as not meeting any exception under Fed. R. Evid. 803 or 804.

Defendants also object to this proffered exhibit as it are identified in DE 66, Plaintiff's designation of deposition testimony, as designated exhibit 45.

4889-7231-1192, v. 1

**PX 23: 6/29/2021 No Bill**

Defendants object to this proffered exhibit as not relevant under Fed. R. Evid. 401 and 402. Defendants contend the proffered document lacks any foundation to be presented to the jury or offered into evidence at trial of this matter as the prosecutorial decisions of the Commonwealth's Attorney in his negotiations with Plaintiff do not have a preclusive or binding effect on the duties or claims against these Defendants. Nor is it admissible as evidence as to the claims against these Defendants pursuant to Fed. R. Evid. 408, and *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997)

Defendants also object to this proffered exhibit as it is identified in DE 66, Plaintiff's designation of deposition testimony, as designated exhibit 52A.

**PX 26: Creely Certification, 5/17/19 Creely Offer, Creely Contract**

These exhibits are not relevant or reasonably related to the claim against these Defendants as Defendant's contract or certification is not at issue and has no relevance to any claim or defense which can be asserted at trial. Fed. R. Evid. 401.

Defendants also object to this proffered exhibit as it is identified in DE 66, Plaintiff's designation of deposition testimony, as designated exhibit 45, 55, and 57.

**PX 31: Franke contract**

This exhibit is not relevant or reasonably related to the claim against these Defendants as Defendant's contract is not at issue and has no relevance to any claim or defense which can be asserted at trial. Fed. R. Evid. 401.

Defendants also object to this proffered exhibit as it is identified in DE 66, Plaintiff's designation of deposition testimony, as designated exhibit 61.

**PX 34: 6/5/17 Kopp Contract and 2/16/21 Kopp Contract**

These exhibits are not relevant or reasonably related to the claim against these as Defendant Kopp's contract is not at issue and has no relevance to any claim or defense which can be asserted at trial. Fed. R. Evid. 401.

Defendants also object to this proffered exhibit as they are identified in DE 66, Plaintiff's designation of deposition testimony, as designated exhibits 66 and 67.

**PX 42: Expert report and backup materials and tables of William T. Baldwin, PhD**
**PX 43: Tables 1-5 from expert report of William T. Baldwin, PhD**

Defendants object to these identified exhibits pursuant to Fed. R. Evid. 401, 403, 702, and 703. Specifically, Plaintiff did not disclose material facts to Dr. Baldwin regarding her mitigation of damages, her employment at Carroll County Board of Education, her contracted salary at Carroll County Board of Education, and the reason for her termination from Carroll County Board of Education. Dr. Baldwin's June 15, 2023 report and tables do not reflect the period of Plaintiff's suspension from certified employment (during which she was prohibited from employment as a guidance counselor or any certificated employment) from July 16, 2022-October 16, 2023. Therefore his calculations, opinions, report, and tables are unreliable and will not assist the trier of fact. FRE 702, 703.

**PX 44: Agreed Order, as entered by the EPSB (Produced December 20, 2023)**

This exhibit was produced on December 20, 2023. In her Answer to Interrogatory No. 21 to the Board of Education, Plaintiff stated:

> INTERROGATORY NO. 21: Please itemize each and every element of damages you are seeking as a part of this action, setting forth the specific amount of monies and other relief that you will seek at the trial of this action.
> OBJECTION: we reserve the right to supplement.
>
> (1) Lost future wages: There is a pending EPSB proceeding; if the Plaintiff's licensure is revoked, the damages we will seek and prove will exceed, due to

>  lost wages and benefits, in excess of $1,000,000. If the Plaintiff is successful in that proceeding, there will not be any lost future wage damages.
>
>  * * *

This was also the subject of a discovery dispute between the parties mediation with the Magistrate Judge. It is unclear to what purpose Plaintiff intends to attempt to proffer PX 44 at trial. Defendants reserve their objections until such proffer, but anticipate that objections may be made, *inter alia*, pursuant to Fed. R. Evid. 401, 402, FRE 408, and *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997).

        Respectfully submitted,

        ELIZABETH A. DEENER
        LANDRUM & SHOUSE LLP
        Post Office Box 951
        Lexington, Kentucky 40588-0951
        Telephone: 859-255-2424

BY:    /s/ Elizabeth A. Deener   .
      ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has this December 21, 2023, been filed and electronically served using the Court's ECF system to the following:

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY  41017
*Attorney for Plaintiff*

Thomas B. Bruns
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH  45242
*Attorney for Plaintiff*

Grant R. Chenoweth
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
P.O. Drawer 1767
Paintsville, KY  41240-1767
*Attorney for Defendants Kopp and Franklin County Board of Education*

        Respectfully submitted,

        ELIZABETH A. DEENER
        LANDRUM & SHOUSE LLP
        Post Office Box 951
        Lexington, Kentucky 40588-0951
        Telephone: 859-255-2424

BY:   /s/ Elizabeth A. Deener   .
        ATTORNEY FOR DEFENDANTS