**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
|     Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
|     Defendants | : | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WITNESS AND EXHIBIT LIST**

Plaintiff, through Counsel, and pursuant to FRCP 26 and the Court's scheduling order (Doc. 14) provides the following objections to certain of Defendants' Witnesses (Doc. 61 and 63) and Exhibits (Doc. 60, 62). Plaintiff reserves all relevance (FRE 401/402), FRE 403, foundation, personal knowledge (FRE 602) and authentication objections (FRE 901), as it is not clear whether Defendants will lay an appropriate foundation for any particular witness or exhibit.

**A. Witness Objections**

1. <u>General objections to Defendants' witness disclosure</u>

Defendants did not disclose witness addresses and telephone numbers. (Doc. 61 and Doc. 63). Yet that information is required under FRCP 26(e). And Defendants have *never* disclosed witness address and telephone numbers. (See FRCP 26(a) disclosures by Defendants and Interrogatory Responses attached hereto). While we have grounds to object to the entirety of the witness lists, we do not object, on these grounds, to those witnesses whom we deposed and, of course, the Plaintiff (i.e. we do not object to the Plaintiff, Ms. Creely, Ms. Franke, Mr. Kopp, Mr. Lewis, Ms. Atkins, Mr. Abrams, Ms. Reid, and Sgt. Kelly).

Consequently, we do object to Mr. Cleveland, Sgt. Sutton, and Mr. Tracy, Ralph Hance, and "[t]he Superintendent, Director of Personnel, and/or custodian of records for the Carrol

County Schools." (Doc. 63 at p.2). As noted below, we particularly object to Mr. Hance, as he was never identified by Defendants as a potential witness or person with knowledge.

As noted, Defendants failed to ever provide the contact information (address and/or telephone number) for the foregoing persons, yet Rule 26(a) and 26(e) require that information for trial witnesses. *Lemmon v. Ayres*, 2013 U.S. Dist. LEXIS 118775 (SDOH 2013) (striking witnesses whose addresses and telephone numbers were not provided); *Garren v. CVS Rx Servs.*, 2021 U.S. Dist. LEXIS 38022 at *46-*51 (TNED 2021) (same). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the "potentially sanctioned party" to demonstrate harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010).

2. <u>Objections to broadly and vaguely described exhibit disclosures</u>

Defendants describe certain exhibits broadly (and vaguely), without describing what, exactly, they are identifying. This Court's scheduling order (Doc. 14), and FRCP 26(a)(3), requires in the disclosure "a description of each exhibit in sufficient detail to permit adequate identification thereof."

Additionally, Defendants offer many general, overly broad, and/or vague descriptors that do not provide adequate detail to permit identification of the exhibits.

First, Creely and Franke made numerous vague and ambiguous descriptions. See Doc. 60 at #2 (Lawson Personnel File); #3 (Plaintiff's job description); #6 (Franklin County HR office file – Lawson); #7 (Records created or collected by the Human Resources Director for the Franklin County Schools relating to Plaintiff); #15 (Body Camera footage of the meeting between the Plaintiff and Defendant Kopp on May 5, 2021); #16 (School Surveillance video

2

from the morning of May 5, 2021, reflecting the Plaintiff's arrival at school, movement into and out of the office area, and the Plaintiff's departure from the school); #26 (Plaintiff's tax records); #27 (Records provided by Plaintiff to William Baldwin); #31 (Franklin County Board of Education Policies and Procedures); #32 (Franklin County Schools 2020-2021 Employee Handbook); #33 (Any document or exhibit filed in pleadings); #34 (Any and all documents produced in discovery by Defendants Creely and Franke, including but not limited to, any answers to Interrogatories and responses to Requests for Production of Documents. …); #35 (Any and all documents produced in discovery by Defendants Kopp and Board of Education, including but not limited to, any answers to Interrogatories and responses to Requests for Production of Documents. …); #36 (Any and all documents produced in discovery by Plaintiff, including but not limited to, any answers to Interrogatories and responses to Requests for Production of Documents. …); #37 (Defendant may present exhibits used in testimony of witnesses who have been deposed in this case …); #38 (Exhibits to deposition of Holly Lawson); #39 (Exhibits to deposition of Kayla Creely); #40 (Exhibits to deposition of Lori Franke); #41 (Exhibits to deposition of Jeff Abrams); #42 (Exhibits to deposition of Holly Adkins); #43 (Exhibits to deposition of Marvin Kelly); #44 (Exhibits to deposition of Ashley Reid); #45 (Exhibits to deposition of Mark Kopp); #46 (Exhibits to deposition of Franklin County Board of Education); #47 (Any and all discovery and/or trial video deposition taken in this case along with any exhibits attached thereto).

So did the Board and Mr. Kopp. See Doc. 62 at p. 3, may be offered #1 (Exhibits 1 through 33 of Holly Adkins' deposition); #3 (Filings in domestic matter styled Ralph Ray Hance III v. Holly Elizabeth Lawson, Henry Family Case No. 13-CI-00176); #4 (all exhibits listed by the Plaintiff or other Defendants to the extent admissible); #5 (Any other documents attached to

depositions taken in this matter); #6 (Video/audio to the extent relevant); #7 (Any exhibit needed for impeachment purposes); #8 (all documents referenced or referred to in any deposition of this case).

But Defendants do not identify what, exactly these documents are, whether or not these purported exhibits have already been marked or identified in this case in a manner sufficient to identify them, and we cannot be certain that Defendants have made this available to us for inspection. Thus, Defendants violated the scheduling order and FRCP 26(a)(3)(A)(iii) with respect to these exhibits. We object to them.

There may be other evidentiary objections, but because we do not know what the exhibits are (and thus have not attached them to these objections) , we respectfully reserve the right to raise further objections, including those under FRE 401, 402, 403, 404, 405, 602, 608, 802, 805, and 901, in light of our inability to ascertain what it is that Defendants purport to identify.

Defendants' descriptors are improper because they purport to identify large portions of documents or records, or reference all exhibits in a deposition (either specifically or generally). That is equally inappropriate. We move to strike these particular disclosures from Defendants' exhibit and witness lists. *Row Equip., Inc. v. Terex* USA, LLC, 2019 U.S. Dist. LEXIS 202406 at *10 (NDGA 2019) (striking similar disclosure of "any exhibit to any deposition"); *Craighead v. Russell Stanley Corp.*, 2000 U.S. Dist. LEXIS 4314 (LAED 2000) (striking similar designation).

3. <u>Objections to Defendant's undisclosed witnesses, exhibits, and last-minute attempts to engage in trial by ambush</u>

Defendants provided initial disclosures. See **Exhibits 1** and **2**, hereto. We also served discovery on the Defendants and they responded. See **Exhibits 3, 4**, **and 5** hereto. We asked Defendants to identify any person with knowledge of any claim or defense (Interrogatory No. 2);

4

we asked Defendants to identify any witness that Defendants intended to call as a lay/fact witness in this matter and their proposed subject area of testimony (Interrogatory No. 3); we asked Defendants to identify any document or electronic communication that relates in any way to the claims in the Complaint or the matters or defenses in your Answer (Interrogatory No. 8); we asked Defendants to identify any document or material intended to be introduced as an exhibit at trial (Interrogatory No. 9); and we asked Defendants to identify any admissions by Plaintiff (Interrogatory No. 10). Requests for production were equally propounded that required disclosure of anything relevant to the claims or defenses in the cased. (See RFP 2, 3, 13).

As the Court can see from the responses by Defendants (which were never supplemented), at no time have Defendants identified as a potential witness in this matter (until December 14, 2023, well past the close of discovery) Ralph Hance, and "[t]he Superintendent, Director of Personnel, and/or custodian of records for the Carrol County Schools." (Doc. 63 at p.2). Yet, this Court directed that the parties "shall supplement all disclosures and responses not later than June 2, 2023." (Doc. 14 at 2). This Court also warned the parties that "[r]equests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence." *Id.* at p.8.

Defendants equally identified certain exhibits either *never* produced in discovery (Doc. 60, #8 (Lawson EPSB Response, April 4, 2022); Doc. 62 at #2 (Plaintiff's termination letter from the Board of Education of Carroll County, Kentucky), #3 (Filings in domestic matter styled as Ralph Ray Hance III v. Holly Elizabeth Lawson, Henry Family Court Case No. 13-CI-176), or that Defendants attempted to supplement on *Monday December 11, 2023,* which was well after the deadline. **See Exhibit 6, hereto**. Doc. 60, #25 (Carroll County Board of Education "2022-

2023 Money Sheet", CF00009); #28 (Carroll County Board of Education 2021 Contract, CF000010); #29 (Uniform Citation, July 5, 2022, CF00008); #30 (Carroll County EPSB Report, July 15, 2022, CF00005-7).

The Sixth Circuit provides guidance on this issue. It has explained that "[h]armlessness . . . is the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). Harmlessness, in turn, "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* (*quoting Vance v. United States*, 182 F.3d 920 (Table), 1999 U.S. App. LEXIS 24452, 1999 WL 455435, *5 (6th Cir. June 25, 1999)). Ultimately, "[t]he party seeking to avoid sanction under Rule 37 bears the burden of showing that its delay and omission was either substantially justifiable or harmless." *Sierra v. Williamson*, 4:10-CV-00079-TBR, 2013 U.S. Dist. LEXIS 90406, 2013 WL 3280269, *2 (W.D. Ky. June 27, 2013) (*citing Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

This Court's required supplementation deadline of June 2, 2023 was no accident: it was to occur at a time prior to the discovery deadline (which was October 30, 2023) to permit additional discovery to occur before the discovery window closed.  (Doc. 14).  A month before trial, and well after the deadline, is not timely, and here it is prejudicial.  Plaintiff has not had the opportunity to meet, address, and rebut any of this newly disclosed "evidence," and Defendants never disclosed it in discovery, despite a significantly long period to do so.

This Court's scheduling order was not a scheduling "suggestion," and these materials should be stricken and excluded.  *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs*, 2021 U.S. Dist. LEXIS 225811 (EDKY 2021) (excluding documents not produced in discovery period or at a deposition); *Coatney v. Purkhiser*, 104 F.R.D. 118 (EDKY 1985) (court orders are not mere suggestions).

6

Nor can it be said that Defendants possibly learned of this evidence recently, that this evidence came into being after the deadline, or were remotely diligent – instead, either through neglect or an intention for trial by ambush, the witnesses and exhibits were not disclosed until December, 2023, a month prior to trial. It is worth noting that Ms. Lawson disclosed both her divorce, as well as her termination from Carroll County Schools in her deposition, taken almost a year ago, and more than five months before the supplementation deadline. (Doc. 40 at pp. 38-40; 118-119). Nor – as we observed above – is this purported evidence harmless. The proffered evidence should be excluded.

4. <u>Objections to hearsay and/or otherwise improper divorce filings</u>

The Board Defendant and Mr. Kopp apparently intend to conduct some sort of trial within a trial in this matter, identifying both Plaintiff's ex-husband, and her 2013 divorce proceeding pleadings respectively as witnesses and exhibits in this matter. (Doc. 63 at p. 2. (Ralph Hance) and Doc. 62 at #3 (Filings in domestic matter styled as Ralph Ray Hance III v. Holly Elizabeth Lawson, Henry Family Court Case No. 13-CI-176). Defendants *never* identified Mr. Hance as a witness or person with knowledge in this case. (*See* Exhibits 1-5).

Moreover, depending on what exactly Defendants attempt to introduce by way of specific exhibits, it is highly likely that the materials contain hearsay or hearsay within hearsay, in contravention of FRE 802 and 805. They are highly likely to be irrelevant (FRE 401), and to violate FRE 403 (excluding evidence whose probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time), and violate FRE 404(a)(1), and violate FRE 405 and FRE 608(b). We raise, and preserve, each of these objections because Defendants have never

7

produced to us what it is they intend to introduce. And we reserve FRE 901 authentication objections.

And, for Mr. Hance, any evidence at issue is likely irrelevant (FRE 401), violates FRE 403 (excluding evidence whose probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time), violates FRE 404(a)(1), violates FRE 405, and violates FRE 608(b).

5. <u>Objections to Carroll County materials</u>

Defendants' belatedly have identified Carroll county materials and witnesses are objected to substantively as well (the procedural failure to disclose these is raised above). We have not had produced to us the document identified at Doc. 62, p.3, #2, "Plaintiff's termination letter from the Board of Education of Carroll County, Kentucky," but we have had produced to us (late and well after the supplementation deadline as well as the close of discovery) the exhibits identified at Doc. 60 #25 (Carroll County Board of Education "2022-2023 Money Sheet", CF00009); #28 (Carroll County Board of Education 2021 Contract, CF000010); #29 (Uniform Citation, July 5, 2022, CF00008); #30 (Carroll County EPSB Report, July 15, 2022, CF00005-7). **See Exhibit 6, hereto**.

Again, the Board Defendant and Mr. Kopp have broadly identified the Superintendent, Director of Personnel, and/or custodian of records from Carroll County Schools as a potential witness. (Doc. 63 at p.2, #6).

All of this evidence is objected to because it is or contains hearsay, FRE 802, and in some instances hearsay within hearsay, FRE 805, no person with personal knowledge has been offered to testify to it, violating FRE 602.

8

More significantly, this evidence is also objected to because it is improper under FRE 404. That rule provides at FRE 404(a)(1) that "(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Moreover, FRE 404(b)(1) provides that "(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Further, this evidence is also objected to because FRE 405 provides that character evidence may be tendered generally, but not by specific incidents.

The same is true with respect to FRE 608(b), which provides that "(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."

This evidence also violates FRE 403 (excluding evidence whose probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time). And we reserve FRE 901 authentication objections.

6. Objections to prior witness statements

Each group of Defendants identify the same witness statements (we have collectively filed them as **Exhibit 7 hereto**) by Ashley Reid, Chris Tracy, Chuck Lewis, Kayla Creely, Lori Franke, and Mark Kopp (Doc. 60 at #19, 20, 21, 22, 23, 24; Doc. 62 at #1, 2, 3, 4, 5, 6).

Prior witness statements are generally improper and inadmissible as exhibits in a trial on three separate grounds.

First, and generally, these statements are hearsay under FRE 801 and 802: they are out of court statements offered for the truth of the matter asserted. Second, while FRE 801 provides that a prior out-of-court statement is not hearsay if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive," that predicate and foundation has not been laid here, and cannot be laid here. Generally, under Fed. R. Evid. 801(d)(1)(B), the prior consistent statements cannot predate any alleged motive to fabricate, as they must in order to be admissible under Rule 801 (and cannot be admissible until or unless there is an allegation of recent fabrication). *Tome v. United States*, 513 U.S. 150 (1995).

Third, none of these statements are those of the Plaintiff herself, which could be a party admission (for instance, that would permit Plaintiff to offer the statements of Kopp, Creely or Franke).

And fourth, much of the content of these statements consists of things that other people told the statement's author, creating not only a hearsay problem, but also a hearsay within hearsay problem, and giving rise to our objection under FRE 805.

In the same manner, to the extent that these statements contain things that others told the person authoring the statement, they have FRE 602 problems because the author lacks personal knowledge of the contents.

7. <u>Objections to exhibits surrounding Plaintiff's prior medical issue and corrective action by the school</u>

Both Defendants have identified exhibits relating to medical issues the Plaintiff suffered from and spilled over into her employment and corrective action by Defendants, that predated by more than a year her termination, and are unrelated to the claims and defenses in this case. See Doc. 62 at #8, #9, #10, #11, #12, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28. (We assume Creely and Franke have perhaps also done so as part of their general identification of Plaintiff's personnel file, HR file, and records created by the HR director – though admittedly we are not sure that is the case, see Doc. 60 at #2, 6, 7). **See Exhibit 8, hereto**.

All of this evidence is objected to because it is hearsay or contains hearsay, FRE 802, and in some instances hearsay within hearsay, FRE 805, and no person with personal knowledge has been offered to testify to it, FRE 602.

More significantly, this evidence is also objected to because it is improper under FRE 404. That rule provides at FRE 404(a)(1) that "(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Moreover, FRE 404(b)(1) provides that "(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Further, this evidence is also objected to because FRE 405 provides that character evidence may be tendered generally, but not by specific incidents. The same is true with respect to FRE 608(b), which provides that "(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the

11

court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."

Finally, this evidence is objected to because it also violates FRE 403 (excluding evidence whose probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time). And we reserve FRE 901 authentication objections.

At bottom, the 2019-2020 incident(s) documented in the paperwork, which were the result of prescription medication that Mrs. Lawson's physician had overprescribed, have nothing to do with: (i) whether Ms. Creely and Ms. Franke violated Mrs. Lawson's rights and privacy interests when they entered her office and searched her purse; or (ii) whether she was illegally detained and questioned the next day. It has nothing to do with damages either.

Instead, it appears designed to "trash" Mrs. Lawson to the jury – to attempt to argue that she should not be compensated for her constitutional injuries because she had a prior incident with the school. That evidence is wholly improper. *State Farm Mut. Auto. Ins. Co. v. Accident Victims Home Health Care Servs.*, 467 Fed. Appx. 368 (6th Cir. 2012) (reversing due to introduction of similar past incident); *Old Chief v. United States*, 519 U.S. 172 (1997).

8. Objections to certain exhibits regarding meeting notes

Plaintiff objects to the meeting notes contained in the Board and Kopp Defendant's Exhibit List (Doc. 62 at #14, #15, #34, #36, #37). **See Exhibit 9, hereto**. First, Exhibits 14 and 15 are the same as Exhibits 36 and 37. They are thus duplicative and are needlessly cumulative for the jury under FRE 403. Defendants should pick one set or the other (the #34, #36, and #37 set are clearer).

More significantly, Doc. 62 at #34, the notes from 5-13-21, is objected to at page 2, because it involves statements by Mr. Chenowith about what he was told by a third party. That is hearsay (and in fact is hearsay within hearsay) in contravention of FRE 802 and 805.

These statements also involve statements between Defendants and the Board, after the discovery of the firearm, and include statements made in connection with attempting to resolve the matter – that is most apparent at #34, in which Mr. Logan, who was an attorney representing Mrs. Lawson, offered statements in connection with a resolution. FRE 408 prohibits statements that are made in connection with a compromise, including under FRE 408(2) "conduct or a statement made during compromise negotiations about the claim," which was the case here. We object on that basis.

All of this evidence is objected to because it is hearsay or contains hearsay, FRE 802, and in some instances hearsay within hearsay, FRE 805. We also reserve the right to object on personal knowledge grounds. FRE 602.

Again, under Fed. R. Evid. 801(d)(1)(B), these notes/statements did not predate any alleged motive to fabricate, as they must in order to be admissible under Rule 801, and there is no allegation here of recent fabrication sufficient to admit them as such (and no foundation for that has been laid). *Tome v. United States*, 513 U.S. 150 (1995). Second, none of these statements are those of the Plaintiff herself, which could be a party admission. And third, much of the contents of these statements consist of things that other people told the statement's author, creating a hearsay within hearsay problem, and giving rise to our objection under FRE 805.

We object on all of the foregoing grounds.

Respectfully submitted,

/s/ Christopher Wiest_____  
Christopher Wiest (KBA 90725)  
Chris Wiest, Atty at Law, PLLC  
25 Town Center Blvd, Suite 104  
Crestview Hills, KY 41017  
513/257-1895 (c)  
859/495-0803 (f)  
chris@cwiestlaw.com  
***Attorneys for Plaintiff***

/s/ Thomas B. Bruns_____  
Thomas B. Bruns (KBA 84985)  
Bruns, Connell, Vollmar, Armstrong  
4555 Lake Forrest Dr., Ste. 330  
Cincinnati, OH 45242  
513-312-9890(v)  
tbruns@bcvalaw.com

**CERTIFICATE OF SERVICE**

I have served a copy of the foregoing upon all Counsel of record, by filing same with the Court, via CM/ECF, this 21 day of December, 2023.

/s/ Christopher Wiest_____  
Christopher Wiest (KBA 90725)