**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

## PROPOSED JURY INSTRUCTIONS (by Plaintiff)[1]

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved her case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

---

[1] Given pending dispositive motions, Plaintiffs reserve the right to modify these instructions in light of issues of law decided by the Court and to conform same to any such rulings.  Plaintiffs met and conferred with defense counsel, but were unable to reach agreement on instructions.

## I.        GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

### BURDEN OF PROOF

The plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

### EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

### WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)        Arguments and statements by lawyers are not evidence;

2)        Questions and objections by lawyers are not evidence;

3)        Testimony I have instructed you to disregard is not evidence; and,

4)        Anything you may have seen or heard when the Court was not in session is not evidence.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and

2

common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach

## II.   RULES OF LAW

### A.  INSTRUCTION NO. 1 (substantive law)

Constitutional Claims 42 U.S.C. § 1983

42 U.S.C. § 1983, the federal civil rights statute under which the Plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person (including any entity such as the Franklin County Board of Education) who, under color of state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Defendants do not dispute that Superintendent Kopp or the Franklin County Board of Education were state actors (and I instruct you to determine that both were), but the parties dispute whether Ms. Creely and Mrs. Franke were state actors.

### a.  INSTRUCTION NO. 1a (state action)

While "state employment is generally sufficient to render the defendant a state actor,"[2] "not every action undertaken by a person who happens to be a state actor is attributable to the state."[3]  To determine whether a public official was acting in his state capacity, courts ask whether (1) the Defendant's action was "in the course of performing an actual or apparent duty of his office," or (2) "unless the conduct is such that the actor could not have behaved as he did without the authority of his office."[4]

To answer these questions, Courts analyze whether the action is "entwined with governmental policies" or subject to the government's "management or control."[5]

If neither of these tests are met, you should evaluate whether the actions here were sufficiently intertwined with governmental action to make them state actors under the "nexus test."[6]  To answer that question, you must also evaluate whether the action is "entwined with governmental policies" or subject to the government's "management or control."[7]

### b.  INSTRUCTION NO. 1b (law involving searches)

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"[8]  "The basic purpose of this Amendment, as recognized in countless decisions of [the Supreme] Court, is to safeguard the privacy and security of individuals against arbitrary

---

[2] *West v. Atkins*, 487 U.S. 42, 49 (1988)
[3] *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001).
[4] *Lindke v. Freed*, 37 F.4th 1199, 1202-03 (6th Cir. 2022); *Waters*, 242 F.3d at 359 (*citing West*, 487 U.S. 42, 49-50)
[5] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (*quoting Evans v. Newton*, 382 U.S. 296, 299 (1966)).
[6] *Lindke*, 37 F.4th 1203, *citing Lugar*, 457 U.S. 922, 937.
[7] *Brentwood Acad.*, 531 U.S. 288, 296.
[8] U.S. Const. amend. IV.

4

invasions by governmental officials."[9]   "Generally, employees, including those who worked in the public sector, have been considered to possess a reasonable expectation of privacy in their possessions and work stations."[10]   That means that governmental actors cannot invade public employee possessions or work stations, without a warrant.   "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions."[11]

The government or governmental actor bears the burden of demonstrating that an exception to the warrant requirement applies.[12]   Here, there is no evidence that any recognized exception applied.

### c.   INSTRUCTION NO. 1c (law involving detention and questioning)

The Fifth Amendment requires government to advise a person of their so-called Miranda rights, including the right to remain silent, before interrogating them while they are "in custody."[13]   Public employees have the right to be free from compulsory self-incrimination in the context of their employment.[14]   If Mrs. Lawson was either in custody, or felt coerced as a condition of continued employment to answer questions posed to her, her rights were violated by questioning unless she was given a warning against self-incrimination.

To determine whether Mrs. Lawson was in custody on May 5, 2021, the ultimate inquiry is whether, under the totality of the circumstances, her freedom of movement was restrained to a degree associated with formal arrest.[15]   Courts look at four, non-exhaustive factors to help guide this inquiry: "(1) the location of the interview; (2) the length and manner of the questioning; (3) whether there was any restraint on the individual's freedom of movement; and (4) whether the individual was told that he or she did not need to answer the questions."[16]   These are factors to consider, and not a checklist to check and the inquiry turns on the totality of the circumstances. However, "[w]hether investigators inform a suspect that he is free to leave or to refuse to answer questions is the most important consideration in the Miranda custody analysis."[17]

For the first factor, a person's usual office or a common conference room favors a finding of non-custody, while questioning in a law enforcement office or interrogation room favors a finding of custody.[18]   For the second factor, I instruct you that the brief period of the questioning of Mrs. Lawson here, less than 6 minutes, favors a finding of non-custody.   For the third factor,

---

[9] *Camara v. Mun. Ct. of City & Cnty. of S.F.*, 387 U.S. 523, 528 (1967).

[10] *American Postal Workers Union, etc. v. United States Postal Service*, 871 F.2d 556, 559 (6th Cir. 1989).

[11] *Katz v. United States*, 389 U.S. 347, 357 (1967) (internal citations omitted).

[12] *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

[13] *United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009).

[14] *Garrity v. New Jersey*, 385 U.S. 493 (1967); *Slochower v. Board of Education*, 350 U.S. 551 (1956).

[15] *United States v. Luck*, 852 F.3d 615, 621 (6th Cir. 2017) (*citing Panak*, 552 F.3d at 465).

[16] *United States v. Hinojosa*, 606 F.3d 875, 883 (6th Cir. 2010).

[17] *United States v. Martinez*, 795 F. App'x 367, 371 (6th Cir. 2019) (*citing Howes v. Fields*, 565 U.S. 499, 515 (2012)).

[18] *United States v. Salvo*, 133 F.3d 943, 951 (6th Cir. 1998).

the presence of uniformed officers, the display of firearms, or the display of handcuffs, along with any blocking of the exit door, each are factors that favor a finding of custody for this factor.[19]  And, again, for the fourth factor, "[w]hether investigators inform a suspect that he is free to leave or to refuse to answer questions is the most important consideration in the *Miranda* custody analysis."[20]

### d.  INSTRUCTION NO. 1d (law involving school board liability)

It is not enough that the Franklin County Board of Education employed Mr. Kopp, or Ms. Creely or Mrs. Franke, to hold the board liable.

Instead, it may be sued for having caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[21]  Since such bodies can act only through natural persons, the critical question is whether the person committing the act did so pursuant to official policy.  *Id.*  A formally adopted policy is not required; established usage or custom may be sufficient.  *Id.*  The actions of a single official can also create liability for the local government where that official has "final policymaking authority." *Id.*  Actions taken pursuant to school board policy, or actions by final policymaking decision-makers will be sufficient to hold the board of education liable. Furthermore, "a [government entity] may be liable if an employee's application of an otherwise constitutional policy leads to an unconstitutional result."[22]  Unfettered discretion of employees regarding a policy that permits conduct that is a constitutional violation gives rise to Monell liability.[23]

Further, a failure to train employees who violate rights may also be sufficient to hold the board liable.  "To succeed on an inadequate training claim, a plaintiff must prove: '(1) that a training program is inadequate to the tasks that the [the employees] must perform; (2) that the inadequacy is the result of the [board's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury.'"[24]

---

[19] *United States v. Zabel*, 35 F.4th 493, 503 (6th Cir. 2022); *United States v. Panak*, 552 F.3d 462, 467 (6th Cir. 2009).

[20] *United States v. Martinez*, 795 F. App'x 367, 371 (6th Cir. 2019) (*citing Howes v. Fields*, 565 U.S. 499, 515 (2012)).

[21] *Adkins v. Bd. of Educ. of Magoffin County, Ky.*, 982 F.2d 952, 957 (6th Cir.1993).

[22] *Monistere v. City of Memphis*, 115 Fed. Appx. 845, 850 (6th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 278, 388 (1989) and *Brown v. Shaner*, 172 F.3d 927, 930 (6th Cir. 1999)

[23] *Monistere*, 115 Fed. Appx. 845, 850.

[24] *Berry v. Delaware County Sheriff's Office*, 796 Fed.Appx. 857, 861 (6th Cir. 2019)

## B. INSTRUCTION NO. 2: COMPENSATORY DAMAGES

If you find for Ms. Lawson on any of these claims, then, with respect to those claims, you will determine from the evidence and award Mrs. Lawson such sum of money as will fairly and reasonably compensate her for harm, if any, as you believe from the evidence she has sustained as a direct result of the actions of each Defendant.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

The basic purpose of a section 1983 damages award is to compensate persons for injuries caused by the deprivation of their constitutional rights. In addition to out of pocket costs or losses that the Plaintiff may have proved, and although the amount of damages for the deprivation of an intangible constitutional right cannot be determined by reference to such an objective standard, these compensatory damages may be special and you should consider the following factors in making your award: the nature of the constitutional deprivation, the magnitude of the mental distress and humiliation suffered by the plaintiff, and any other injury caused as a result of being deprived of federally protected rights.[25]

Compensatory damages also include, and you are entitled to compensate Plaintiff and award damages to Plaintiff for, non-quantifiable damages in the form of mental distress, humiliation, loss of reputation, and other general pain and suffering resulting from the violations of her constitutional rights.

One last point, if you find for the Plaintiff on any of the constitutional violations, but you find the Plaintiff's damages have no monetary value as a result of those violations, then you must at least return a verdict for the Plaintiff in the nominal amount of one dollar.

### a. INSTRUCTION NO. 2a: CONSTRUCTIVE DISCHARGE

One of the damages issues in this case is Mrs. Lawson's claim to lost wages. Defendants argue that she resigned, cutting off such liability. Plaintiff argues that Mrs. Lawson was constructively discharged and forced to resign.

A constructive discharge occurs when working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.[26] A constructive discharge also occurs when an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated, and the plaintiff employee

---

[25] *Smith v. Heath*, 691 F.2d 220, 226 (6th Cir. 1982)
[26] *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 814 (6th Cir. 2020)

7

resigns.[27]  In other words, constructive discharge occurs where, based on an employer's actions, the handwriting was on the wall and the axe was about to fall.[28]

If you determine that the Plaintiff was constructively discharged, damages can include lost wages.

### b.  INSTRUCTION NO. 2b: SUBSEQUENT EMPLOYMENT

Defendants also contend that the Plaintiff was subsequently employed by Carroll County Schools, and that this cuts off lost wage damages.  Plaintiff contends that the Carroll County Employment was always going to be temporary because of the suspension of her teaching certification that arose from this incident.

You must determine whether the loss of employment and continued inability to be employed within a school district stemmed, at least in part, from the alleged unconstitutional activities to be awarded as damages here – that is, whether the inability to be employed was proximately caused by the alleged unconstitutional activities of Defendants.  To do that, you must determine whether it was foreseeable that Mrs. Lawson would have her teaching certificate suspended as a result of the alleged unconstitutional activities and thus be unable to be employed in public teaching for a period of time.[29]

### c.  NOMINAL DAMAGES

If you do not find that Mrs. Lawson proved that she more than likely suffered damages, but that Defendants violated the constitution, you must award nominal damages, which is typically $1.[30]

---

[27] *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014).
[28] *Id.*
[29] *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 609 (6th Cir. 2007).
[30] *Carey v. Piphus*, 435 U.S. 247 (1978).

### C.  INSTRUCTION NO. 3: PUNITIVE DAMAGES

If you find for Mrs. Lawson and against any individual Defendant and awarded compensatory damages or nominal damages on any of the constitutional claims under Instructions No. 1 or No. 2, then you may, in your discretion, award punitive damages. However, you may only award punitive damages if you believe that the Defendant's conduct involves either: (1) an evil motive or intent on the part of Defendant; or (2) a reckless indifference or disregard by Defendant for Plaintiff's constitutional rights, life, or safety.[31]

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him/her and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case. If you decide to award punitive damages, you shall consider the following factors:

(1)     The harm to the Plaintiff as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his/her duties; and

(2)     The degree, if any, to which you have found from the evidence that the Defendant's failure to comply with his/her duties was reprehensible, considering: the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others; the degree to which the harm suffered by the Plaintiff was a result of intentional conduct, or mere accident; the likelihood, at the time of the Defendant's conduct, that serious harm would arise from it; the degree of the Defendant's awareness of that likelihood; the profitability of the misconduct to the Defendant; the duration of the misconduct and any concealment of it by the Defendant; and any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

(3) You should consider awarding such sum as you believe will serve to sufficiently punish that defendant and to deter him/her and others from like conduct.

The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages. This is entirely for you to decide.

### III.

---

[31] *Smith v. Wade*, 461 U.S. 30 (1983)

**JURY DELIBERATIONS**

When you retire to the jury room, you will discuss the case with your fellow jurors to reach an agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split 4-3, or 6-1, or whatever your vote happens to be. That should stay secret until you are finished.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

Holly Lawson                                   :          Case No. 3:22-cv-00023

     Plaintiff                              :

v.                                                       :

Kayla Creely, et. al.                          :

     Defendants                        :

## **<u>VERDICT FORM - INTERROGATORY NO. 1</u>**

Do you find by a preponderance of the evidence that the Defendant, Kayla Creely, intentionally violated the constitutional rights of Plaintiff, Holly Lawson, by engaging in an unconstitutional search of her handbag and/or office on May 4, 2021?

YES            NO

_____          _____

FOREPERSON                      DATE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

Holly Lawson                                    :        Case No. 3:22-cv-00023

      Plaintiff                              :

v.                                                     :

Kayla Creely, et. al.                          :

      Defendants                          :

**<u>VERDICT FORM - INTERROGATORY NO. 2</u>**

Do you find by a preponderance of the evidence that the Defendant, Lori Franke, intentionally violated the constitutional rights of Plaintiff, Holly Lawson, by engaging in an unconstitutional search of her handbag and/or office on May 4, 2021?

YES        NO

_____        _____
FOREPERSON                          DATE

13

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

**<u>VERDICT FORM - INTERROGATORY NO. 3</u>**

Do you find by a preponderance of the evidence that the Defendant, Mark Kopp, intentionally violated the constitutional rights of Plaintiff, Holly Lawson, by unconstitutionally detaining her or questioning her while in custody, and/or improperly detaining her, on May 5, 2021?

YES          NO

_____          _____
FOREPERSON                    DATE

If you have answered "NO" to Interrogatories 1, 2, AND 3, please alert the Marshall that you have reached a verdict on the case; otherwise, proceed on to Interrogatory 4.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

## <u>VERDICT FORM - INTERROGATORY NO. 4</u>

If you answered YES to Interrogatory No. 1, 2, OR 3, do you find by a preponderance of the evidence that the Franklin County Board of Education Defendant is liable for the violation because (i) it was committed pursuant to a policy of the Board of Education; (ii) it was committed by a final decision maker of the Board of Education; OR (iii) it was committed as a result of a failure to train?

YES _____ NO _____

_____          _____
FOREPERSON                                    DATE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

## <u>VERDICT FORM - INTERROGATORY NO. 5</u>

If you answered YES to Interrogatory No. 1, please answer the following:

Please determine from the evidence and award the Plaintiff such sum of money as you find by the preponderance of the evidence will fairly and reasonably compensate her for the following damages as you believe from the evidence she has sustained directly by reason of the violation of her rights by Kayla Creely:

(1)   Compensatory Damages: If the Plaintiff has proven that she suffered an injury that was proximately caused by the Defendant's wrongful conduct, then enter the amount of compensatory damages that should be awarded to the Plaintiff. If none, write the word "none."


$ _____


(2)   Nominal Damages: If you have not awarded compensatory damages but answered "YES" in Interrogatory No. 1, then you must award one dollar in nominal damages.


$ _____

16

In addition, if you have determined, with respect to my instructions, that punitive damages are appropriate:

(3)      Punitive Damages: If you have decided to award the Plaintiff punitive damages, then enter the amount awarded. If none, write the word "none."


$ _____


_____          _____
FOREPERSON                      DATE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

**<u>VERDICT FORM - INTERROGATORY NO. 6</u>**

If you answered YES to Interrogatory No. 2, please answer the following:

Please determine from the evidence and award the Plaintiff such sum of money as you find by the preponderance of the evidence will fairly and reasonably compensate her for the following damages as you believe from the evidence she has sustained directly by reason of the violation of her rights by Lori Franke:

(1)    Compensatory Damages: If the Plaintiff has proven that she suffered an injury that was proximately caused by the Defendant's wrongful conduct, then enter the amount of compensatory damages that should be awarded to the Plaintiff. If none, write the word "none."


$ _____


(2)    Nominal Damages: If you have not awarded compensatory damages but answered "YES" in Interrogatory No. 1, then you must award one dollar in nominal damages.


$ _____

18

In addition, if you have determined, with respect to my instructions, that punitive damages are appropriate:

(3)      Punitive Damages: If you have decided to award the Plaintiff punitive damages, then enter the amount awarded. If none, write the word "none."


$ _____


_____          _____
FOREPERSON                          DATE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

Holly Lawson                              :        Case No. 3:22-cv-00023

      Plaintiff                          :

v.                                        :

Kayla Creely, et. al.                     :

      Defendants                         :

**<u>VERDICT FORM - INTERROGATORY NO. 7</u>**

If you answered YES to Interrogatory No. 3, please answer the following:

Please determine from the evidence and award the Plaintiff such sum of money as you find by the preponderance of the evidence will fairly and reasonably compensate her for the following damages as you believe from the evidence she has sustained directly by reason of the violation of her rights by Mark Kopp:

(1)    Compensatory Damages: If the Plaintiff has proven that she suffered an injury that was proximately caused by the Defendant's wrongful conduct, then enter the amount of compensatory damages that should be awarded to the Plaintiff. If none, write the word "none."


$ _____


(2)    Nominal Damages: If you have not awarded compensatory damages but answered "YES" in Interrogatory No. 1, then you must award one dollar in nominal damages.


$ _____

In addition, if you have determined, with respect to my instructions, that punitive damages are appropriate:

(3)     Punitive Damages: If you have decided to award the Plaintiff punitive damages, then enter the amount awarded. If none, write the word "none."


$ _____


_____          _____
FOREPERSON                    DATE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
| Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
| Defendants | : | |

**<u>VERDICT FORM - INTERROGATORY NO. 8</u>**

If you answered YES to Interrogatory No. 4, please answer the following:

Please determine from the evidence and award the Plaintiff such sum of money as you find by the preponderance of the evidence will fairly and reasonably compensate her for the following damages as you believe from the evidence she has sustained directly by reason of the violation of her rights by the Franklin County Board of Education:

(1)     Compensatory Damages: If the Plaintiff has proven that she suffered an injury that was proximately caused by the Defendant's wrongful conduct, then enter the amount of compensatory damages that should be awarded to the Plaintiff. If none, write the word "none."


$ _____


(2)     Nominal Damages: If you have not awarded compensatory damages but answered "YES" in Interrogatory No. 1, then you must award one dollar in nominal damages.


$ _____




_____          _____
FOREPERSON                      DATE

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com
*Attorneys for Plaintiff*

/s/ Thomas B. Bruns
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forrest Dr., Ste. 330
Cincinnati, OH 45242
513-312-9890(v)
tbruns@bcvalaw.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon Counsel of record, by filing same in the Court's CM/ECF system, this 22nd day of December, 2023.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)