**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| Holly Lawson | : | Case No. 3:22-cv-00023 |
|     Plaintiff | : | |
| v. | : | |
| Kayla Creely, et. al. | : | |
|     Defendants | : | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Pursuant to the Court's scheduling order (Doc. 14), Plaintiff tenders this pretrial memorandum.

### i. Succinct statement of the facts of the case

Holly Lawson was employed as a guidance counselor by the Franklin County Board of Education, in Franklin County High School. On May 4, 2021, two of her co-workers, Cayla Creely and Lori Franke, entered her private office (Mrs. Lawson testified the door was locked, so they would have had to have used their school issued keys), walked around her desk and, without a warrant, searched her purse in an effort to locate and discern what prescription medication she was on. In the process, they rifled through her purse/bag, pulled out items and then discovered a firearm that she had inadvertently left in her purse.

Later that day, Creely and Franke notified school officials and law enforcement (namely the Superintendent, school safety coordinator and the school resource officer). A plan was developed by the Superintendent for the next day: he met Mrs. Lawson at the door, walked her to the school resource officer's office, where both the school resource officer and the safety coordinator, who were uniformed and had firearms and handcuffs displayed, were located; the Superintendent closed the door, blocked the exit, never told her she could leave or even remain

silent, and then confronted Mrs. Lawson with the accusation that she had a firearm in her purse, and asked her if that was true. In response, she looked in her purse and indicated she inadvertently had done so, having left the firearm there from the prior weekend.

Mrs. Lawson was arrested by law enforcement and charged. Meetings ensued in which the Superintendent made clear Mrs. Lawson would not remain employed. Faced with that constructive discharge, she resigned. She sues for damages stemming from the warrantless search and the questioning.

### ii.     Questions of fact

The only question of fact that we are aware of concerning the above events is whether Mrs. Lawson's office was locked, as she testified, or whether her door was unlocked, as her co-workers testified.   The amount of damages will also be a question of fact for trial, as will the propriety and amount of punitive damages.

### iii.    Questions of law

Most of the following questions are presented via pending motions for summary judgment and responses/replies.  (Doc. 30, Doc. 47, Doc. 51, Doc. 52, Doc. 53, Doc. 54, Doc. 55, Doc. 56, Doc. 57, Doc. 58, Doc. 59).  They are also presented via differing tendered jury instructions.  Those questions include: (i) whether Creely and Franke were state actors/engaged in acts attributable to the state for their warrantless purse search on May 4, 2021?; (ii) whether Kopp and the Board violated the Fourth and *Miranda*/Fifth Amendments when they detained and questioned Ms. Lawson on May 5, 2021 whether Creely, Franke, and Kopp have qualified immunity?; (iii) whether the Board has *Monell* liability, (a) under a final decision-maker theory (for Kopp's actions)? (b) a pursuant-to-policy theory (for Creely/Franke's actions); or (c) a failure to train theory (for Creely/Franke's actions).  There are likely to be legal disagreement on

issues of instructions damages as well.

There were other legal issues raised in those motions, but we view those as insubstantial.

### iv. Evidentiary objections

Defendants have offered certain witnesses and a number exhibits that have drawn significant objections from us, either because, without valid excuse, they were not disclosed in discovery, or because they are improper/inadmissable from an evidentiary perspective, and will need pre-trial resolution.  (Doc. 69).

### v. All pending motions

(1) Cross-Motions for summary judgment are pending.  (Doc. 30, Doc. 47, Doc. 51, Doc. 52, Doc. 53, Doc. 54, Doc. 55, Doc. 56, Doc. 57, Doc. 58, Doc. 59).

(2) Objections to the parties to witnesses and exhibits and deposition designations are pending.  (Doc. 67, 68, 69, 70, 71).

### vi. Status of settlement negotiations and the likelihood of settlement

On December 4, 2023, the undersigned offered to engage in mediation.  Defendants never responded to that proposal.   On December 15, 2023, the undersigned communicated a demand to the Defendants.  Defendants acknowledged receipt of the demand, but have not yet responded substantively.   We take the lack of response, at least as far as the offer of mediation, as an indication that this matter is unlikely to settle.

### vii. Feasibility of alternative dispute resolution

See above.  We are open to any form of alternative dispute resolution.

Respectfully submitted,

/s/ Christopher Wiest_____          /s/ Thomas B. Bruns_____
Christopher Wiest (KBA 90725)              Thomas B. Bruns (KBA 84985)
Chris Wiest, Atty at Law, PLLC             Bruns, Connell, Vollmar, Armstrong
25 Town Center Blvd, Suite 104             4555 Lake Forrest Dr., Ste. 330
Crestview Hills, KY 41017                  Cincinnati, OH 45242
513/257-1895 (c)                           513-312-9890(v)
859/495-0803 (f)                           tbruns@bcvalaw.com
chris@cwiestlaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon Counsel of record, by filing same in the Court's CM/ECF system, this 22nd day of December, 2023.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)