UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
CASE NUMBER 3:22-CV-00023-GFVT

HOLLY LAWSON                                                  PLAINTIFF

v.            **DEFENDANTS PROPOSED JURY INSTRUCTIONS**

KAYLA CREELY, LORI FRANKE,
MARK KOPP, and FRANKLIN COUNTY
BOARD OF EDUCATION                             DEFENDANTS

\* \* \* \* \*\* \*\*\* \*\* \* \* \* \*

MAY IT PLEASE THE COURT:

    Come Defendants Mark Kopp, in his individual and official capacity, and the Board of Education of Franklin County, Kentucky, by and through counsel, and submit the following proposed jury instructions to be used at the trial of this action. Consistent with the Court's Scheduling Order (Doc #: 14), counsel met and conferred on proposed joint jury instructions, and were unable to reach agreement on the substantive law of the case. These Defendants reserve the right to amend their proposed instructions upon receipt of ruling upon the pending motions for summary judgment filed in this matter and upon other pretrial rulings of the Court.

    These Defendants expressly object to any instruction on the following: any issues arising under the 5th Amendment relating to detention or interrogation, as no claim under the 5th Amendment is asserted in the Complaint; any constructive discharge claim, as no such claim is asserted in the Complaint; any instruction seeking reinstatement, as no such relief is listed in the Complaint or in Plaintiff's discovery responses concerning relief sought; any claim for punitive damages, as there is no evidence supporting such relief.

Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC
Jonathan C. Shaw
Grant R. Chenoweth
327 Main Street ~ P.O. Drawer 1767
Paintsville, Kentucky 41240
(606) 789-3747
gchenoweth@psbb-law.com

By:    s/ Grant R. Chenoweth
      COUNSEL FOR MARK KOPP AND
      FRANKLIN COUNTY BOARD
      OF EDUCATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and served by the Court's electronic filing system on all counsel of record on this the 22nd day of December, 2023.

      s/ Grant R. Chenoweth
      Grant R. Chenoweth

INSTRUCTION NO._____

**DOUBLE RECOVERY AND COMPENSATORY DAMAGES**

I have said that, if you return a verdict for the plaintiff, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of each Defendant. In this case, the Plaintiff claims that the Defendants violated her rights by infringing on her rights against unreasonable searches and seizures as protected by the 4th Amendment. If you find that any Defendant did, in fact, violate Plaintiff's rights, you must remember, in calculating the damages, that the Plaintiff is entitled to be compensated only for injuries she actually suffered. Thus, if a Defendant violated more than one of Plaintiff's rights, but the resulting injury was no greater than it would have been had the Defendant violated one of those rights, you should award an amount of compensatory damages no greater than you would award if the Defendant had violated only one of the Plaintiff's rights. If, on the other hand, the Defendant violated more than one of Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the Plaintiff for the separate injuries she has received.

INSTRUCTION NO. _____

**CAUSATION AND DAMAGES**

I have said that you may award damages only for those injuries which you find the Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendant. You must distinguish between, on the one hand, the existence of a violation of Plaintiff's rights, and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the Defendant deprived the Plaintiff of her rights, you must ask whether the Plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that she claims to have suffered.

The Defendant may avoid damages if he can show that, even absent the deprivation of Plaintiff's rights, that the Defendant would have reached the same decision with regard to the plaintiff and, therefore, that even absent the deprivation of rights alleged by the plaintiff, the plaintiff would have suffered the same harm. The burden is on the Defendant to prove that they would have reached the same decision, and, in proving it, they must show that they would reach the same decision at the time of the violation of the plaintiff's rights.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the Defendant that was legal and partly the result of conduct by the Defendant that was illegal, you must apportion the damages between the legal and the illegal conduct – that is, you must assess the relative importance of the legal and illegal conduct and allocate the damages accordingly.

## INSTRUCTION NO. \_\_\_\_\_

## VERDICT FORMS

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to each interrogatory, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the deputy marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division, if any, at the time.

INSTRUCTION NO._____

**DUTY TO DELIBERATE**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. _____

**DUTY TO FOLLOW INSTRUCTIONS**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of the case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. _____

**CONSIDERATION OF THE EVIDENCE**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. _____

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence such as the testimony of an eyewitness. The other is indirect or circumstantial evidence the proof of a chain of circumstances which point to the existence, or non-existence, of certain facts. Circumstantial evidence proves a fact from which an inference may be drawn.

Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence in the case.

The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial. Plaintiff is not required to produce direct proof of unlawful motive, intent, or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, is seldom admitted and may be inferred from the existence of other facts.

INSTRUCTION NO.\_\_\_\_\_

**CREDIBILITY OF WITNESSES**

Now, I have said that you must consider all the evidence. This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or believability of each witness and the weight to be given to each witness's testimony. In weighing the testimony of a witness, you should consider his or her relationship to the plaintiff or defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO._____

**IMPEACHMENT**

A witness may be discredited or impeached by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO.\_\_\_\_\_
**BURDEN OF PROOF**
(Generally)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of her claim by a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that her claim is more likely so than not so.

In determining whether any facts in issue have been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

INSTRUCTION NO. \_\_\_

**FOURTH AMENDMENT CLAIMS**

The Fourth Amendment was established to protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see also* <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004). In <u>O'Connor v. Ortega</u>, the Supreme Court held it is not a Fourth Amendment violation when a public employer conducts a search of an employee's office "for legitimate work-related, noninvestigatory intrusions as well as investigations of work-related misconduct." 480 U.S. 709, 725 (1987). The Court went on to hold that:

> public employer intrusions on the constitutionally protected privacy interests of government employees for noninvestigatory, work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances. Under this reasonableness standard, both the inception and the scope of the intrusion must be reasonable.

Id. at 725–26.

INTERROGATORY NO. 1.

Do you find by a preponderance of the evidence that Mark Kopp's actions on May 5, 2021, were in furtherance of an investigation of work-related misconduct?

Yes     _____
No      _____

SO SAY WE ALL.

_____

Signature of Foreperson

Date: _____

If you answered "Yes" to INTERROGATORY NO. 1, you need not answer any further questions and you should notify the Marshal you have reached a verdict.
If you answered "No" to INTERROGATORY NO. 1, then proceed to INTERROGATORY NO. 2.

# PROPOSED JURY INSTRUCTION NO. ___

## *QUALIFIED IMMUNITY - GOOD FAITH DEFENSE*

If you find that the Plaintiff has proven her claim, you must then consider Defendant Kopp's defense that he acted in good faith and therefore, is not liable. The concern of the good faith inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular conduct of government officials.

If, after considering the scope of discretion and responsibility generally given to public officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the inquiry or search, you find from a preponderance of the evidence that Defendant Kopp had a reasonable and good faith belief that his actions did not violate the constitutional rights of the plaintiff, then you cannot find him liable even if the Plaintiff's rights were in fact violated as a result of the Defendant's good faith action.

*Saucier v. Katz,* 533 U.S. 194, 205 (2001)

*Fisher v. City of Memphis,* 234 F.3d 312 (6th Cir. 2000) (While the issue of qualified immunity normally rests with the court, in cases arising under the Fourth Amendment's U.S. Const. Amend. IV, reasonableness standard, the applicability of qualified immunity will often turn on the resolution of contested factual issues. Where the legal question of qualified immunity turns upon which version of facts one accepts, the jury, not the judge must determine liability.)

*Blisset v. Coughlin,* 66 F.3d 531 (2nd Cir. 1995)

*Anderson v. Creighton,* 483 U.S. 635, 638 (1987)

§1983 Litigation Forms §5-61, 3rd Ed. (2002)

15

INSTRUCTION NO._____

**COMPENSATORY DAMAGES**

You have found for the Plaintiff, so you must decide what damages to award her. However, simply because I am instructing you on the law of damages does not mean that the Plaintiff is entitled to money damages.

**You must not speculate or guess as to damages**. Damages are considered speculative when their existence is uncertain or when the proof is insufficient to enable you to make a fair and reasonable assessment of damages. Under no circumstances should you let your sympathy affect your consideration of the law and the evidence. Likewise, it is not part of your function as jurors either to punish the Defendant or to be generous.

The Plaintiff alleges that she has sustained damages because of harm that proximately resulted from the Defendant's actions.

In considering the issue of the plaintiff's damages, you should assess the amount you believe is justified by a preponderance of the evidence as full, just and reasonable compensation for all damages to the plaintiff in such an amount as would make her whole. The following elements of compensatory damage shall be included in your award:

**None.  Plaintiff was paid her full wages for the school year, resigned, and was employed by another district the following year.**

It is the Plaintiff's burden to prove each element and item of damage, including the extent of lost wages and loss in retirement benefits, by a preponderance of the evidence. It is not the Defendant's burden to disprove them.

16

In your determination of damages to be awarded to the Plaintiff, you must first determine that there is a causal connection between the actions of the Defendant and the actual injuries claimed and proved by the Plaintiff. In this case that means that actions of the Defendant must be a substantial factor in bringing about the harm the Plaintiff claims to have suffered. If you find that something else caused the Plaintiffs injuries, then you must conclude that the Plaintiff has failed to satisfy her burden of proof, and she is entitled only to nominal damages of one dollar.

INSTRUCTION NO. _____

**MITIGATION OF DAMAGES**

The plaintiff has the duty to mitigate or lessen her damages as a result of the alleged acts of the defendants.   If you find for the plaintiff and award compensatory damages you shall reduce any such damage award by any compensation she has received from other employment or could have earned through the exercise of reasonable diligence to secure other employment and less any unemployment insurance or other benefits received or to be received by her.

**INSTRUCTION NO. _____**

**GOOD FAITH RELIANCE ON COUNSEL**

Defendant Kopp states that he acted in reliance on advice of the Board of Education's general counsel when determining what course of conduct to pursue after learning a weapon had been observed in the Plaintiff's tote on May 4, 2021, and thereafter in relation to the Plaintiff. In order to assert the defense of reliance of counsel, Defendant Kopp must show:

(1) full disclosure of all pertinent facts to counsel, and
(2) good faith reliance on counsel's advice.

If Defendant Kopp demonstrates the above elements, he is entitled to the defense of reliance on advice of counsel. Defendant Kopp is not liable for actions taken or decisions made in reliance on advice of counsel.

U.S. v. Duncan, 850 F.2d 1104 (6th Cir. 1988); Meyers v. Ideal Basic Industries. Inc., 940 F.2d 1379 (10th Cir. 1991).