UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
CASE NUMBER 3:22-CV-00023-GFVT

HOLLY LAWSON                                      PLAINTIFF

-vs-

KAYLA CREELY, et al.                                   DEFENDANTS

---

**PRETRIAL MEMORANDUM FOR THE BOARD
OF EDUCATION AND MARK KOPP**

---

Come now the Defendants, Franklin County Board of Education and Mark Kopp, by and through counsel, and hereby submit the following pretrial memorandum:

**STATEMENT OF THE FACTS**

Plaintiff Holly Lawson and Defendants Kayla Creely and Lori Franke were coworkers at Franklin County High School (FCHS) and worked together in the guidance counselor suite. On three (3) consecutive days from May 3 through May 5, 2021, Lawson unlawfully carried a gun with her into FCHS. She claims to have forgotten it was in her tote bag, but admits to having placed it in the bag on May 2. On Tuesday, May 4, Lawson left FCHS and left her tote bag behind. Creely and Franke entered Lawson's office for another reason, but noticed Lawson's tote bag and looked into it to see what medications Lawson was taking. This was because they had observed Lawson in an apparent manic or excited state on May 3 and an apparent sluggish state on May 4, including slurring her words, and they had observed or heard her taking medication on both days. While looking in Lawson's tote bag, Creely and Franke observed what they thought may be a handgun in the bag.

Creely and Franke shared their observation with another coworker rather than with their supervisor or any law enforcement officer. The coworker then shared the information with a sheriff's deputy who was assigned to work at FCHS. None of these individuals played any supervisory role over Lawson. The information about the gun then made it Defendant Mark Kopp, the Superintendent of the Franklin County Schools (FCS). By that time, Mrs. Lawson had returned to her office, retrieved her tote bag containing the gun, and left FCHS for the day.

On the morning of Wednesday, May 5, Superintendent Kopp met Lawson as she arrived at FCHS and walked with her to the school office utilized by the sheriff's deputy. In the presence of that deputy and the school safety coordinator for FCS, who is also a sheriff's deputy, Kopp informed Lawson of the allegation he had received concerning her possession of a gun at school the prior day and sought confirmation of the allegation. Lawson immediately looked into her own tote bag and verified the gun was present. Superintendent Kopp then suspended her with pay pending further personnel action and Lawson was arrested and charged criminally. Several weeks later, Lawson resigned with the advice of her criminal defense attorney, and the criminal charge was later dropped. Had Lawson not resigned and Kopp sought to terminate Lawson's employment contract, Lawson would have been entitled to an independent hearing under KRS 161.790 presided over by a hearing officer appointed by the Kentucky Attorney General, with the remaining membership of the hearing panel appointed by the Commissioner of the Kentucky Department of Education. By resigning, Lawson waived this hearing.

Lawson claims the actions by Creely and Franke constituted "state action" due to their status as employees of the Board of Education, and that their act of snooping in her tote bag was a search in violation of the 4th Amendment.  Lawson also claims the meeting with

2

Superintendent Kopp in the presence of law enforcement officers violated her right against unreasonable searches and seizures as protected by the 4th Amendment, despite admitting she looked into her own tote bag unprompted.

Lawson seeks damages in the form of lost pay and income, lost earning capacity, emotional distress, and other damages. Defendants challenge Lawson's entitlement to damages as well as her calculation of damages.

## QUESTIONS OF FACT

1. Whether the Plaintiff possessed a loaded handgun on school property.

2. Whether the Plaintiff admitted to being in possession of a gun on school property.

3. Whether the Plaintiff was in custody during the less than 30-second window during which she admitted to being in possession of a gun on school property.

4. If the Jury concludes Defendants Creely and Franke's conduct constituted state action, whether their conduct was reasonable under the circumstances in light of their observations of the Plaintiff's behavior and consumption of pills on both May 3 and May 4.

5. Whether Defendant Kopp's conduct was reasonable under the circumstances in light of his prior knowledge and experience with the Plaintiff and his duty to provide a safe school environment.

6. The extent of Plaintiff's damages, if any, in the event liability is established.

7. Whether the Plaintiff has reasonably mitigated her alleged damages.

## QUESTIONS OF LAW

1. Whether the actions of Creely and Franke constituted state action attributable to the Board of Education.

2. Whether Superintendent Kopp's actions were proper notwithstanding any determination concerning the constitutionality of the actions of Creely and Franke.

3. Whether the Plaintiff can claim loss of income attributable to the actions of the Defendants despite having voluntarily consented to the suspension of her credentials.

4. Whether the Plaintiff can claim loss of income attributable to the actions of the Defendants despite having had and subsequently lost gainful employment due to actions unrelated to the facts sub judice.

5. Whether the Plaintiff can demonstrate every element of her 4th Amendment claims against each Defendant.

6. Whether the Plaintiff can demonstrate the elements necessary to impose municipal liability on the Board of Education.

7. Whether the Plaintiff can establish the factual predicates for punitive damages against any Defendant.

8. Whether the actions of Defendant Kopp were done in good faith.

9. Whether the Board of Education is entitled to immunity under the 11th Amendment.

## EXPECTED EVIDENTIARY OBJECTIONS

In addition to the objections previously preserved relating to the Plaintiff's witnesses and exhibits, these Defendants anticipate objecting to evidence concerning the Plaintiff's claimed loss of income and benefits, both past and future; the foundation for her calculation of both past and future income and benefits; and any medical damages or costs.

## PENDING MOTIONS

1. Defendants Creely and Franke have filed for summary judgment (Doc #: 30, 46, 54), including asserting qualified immunity.

2. Defendants Kopp and the Board of Education have filed for summary judgment (Doc #: 51, 55, 58) including asserting qualified immunity on behalf of Defendant Kopp and 11th Amendment immunity on behalf of the Board of Education.

3. The Plaintiff has filed for partial summary judgment against Creely and Franke on liability (Doc #: 47, 53, 57).

4. The Plaintiff has filed for partial summary judgment against Kopp and the Board of Education (Doc #: 52, 56, 59) both as to liability and seeking equitable relief.

5. There are no motions *in limine* or *Daubert* motions pending.

## STATUS & LIKELIHOOD OF SETTLEMENT NEGOTIATIONS

The Plaintiff has made a demand of $600,000 for settlement, with a suggestion of a significantly lower demand in the event reinstatement to employment is considered. No counteroffer has been extended. These Defendants do not view reinstatement to be an available remedy in this matter and cannot agree to it as part of any negotiated resolution.

**FEASIBILITY OF ALTERNATIVE DISPUTE RESOLUTION**

The Plaintiff has suggested a mediation or settlement conference be held between the pretrial conference and the trial date but nothing has been scheduled. These Defendants are not opposed to a mediation or settlement conference, but suspect these would be more fruitful once the pending cross-motions for summary judgment are ruled upon.

        Respectfully submitted,

        PORTER, BANKS, BALDWIN & SHAW, PLLC
        Jonathan C. Shaw
        Grant R. Chenoweth
        327 Main Street ~ P.O. Drawer 1767
        Paintsville, Kentucky 41240
        (606) 789-3747
        gchenoweth@psbb-law.com

        By:    s/ Grant R. Chenoweth
              COUNSEL FOR MARK KOPP AND
                THE BOARD OF EDUCATION

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing **PRETRIAL MEMORANDUM FOR THE BOARD OF EDUCATION AND MARK KOPP** has been electronically filed and served by the Court's electronic filing system on all counsel of record on this the 22nd day of December, 2023.

        s/ Grant R. Chenoweth
        Grant R. Chenoweth